AARON M. CLEFTON (SBN 318680)
REIN & CLEFTON, Attorneys at Law
1423 Broadway #1133
Oakland, CA  94612
Telephone:  510/832-5001
Facsimile:   510/832-4787
info@reincleftonlaw.com

IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
irakli@allaccesslawgroup.com
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for Plaintiffs
LUCIA GILLIS and SHAWN GILLIS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIA GILLIS, in her individual capacity, and SHAWN GILLIS, by and through his Guardian Ad Litem, LUCIA GILLIS,<br><br>Plaintiffs,<br><br>v.<br><br>IN-SHAPE FAMILY FITNESS, LLC,<br><br>Defendant. | CASE NO.<br>Civil Rights<br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:**<br><br>1. **Violations of Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*)**<br><br>2. **Violation of the California Unruh Act (Cal. Civil Code §§ 51 and 52)**<br><br>3. **Violation of the California Disabled Persons Act (Cal. Civil Code § 54 *et seq.*)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs LUCIA GILLIS and SHAWN GILLIS, by and through his natural parent and Guardian Ad Litem LUCIA GILLIS ("Shawn Gillis"), complain of Defendant IN-SHAPE FAMILY FITNESS, LLC, and each of them, and alleges as follows:

1. **INTRODUCTION:** Plaintiff Shawn Gillis is disabled. He has been diagnosed with autism and schizophrenia.  Plaintiff Lucia Gillis cares for her disabled adult son.  She has

legal conservatorship over him and is his guardian ad litem in this case.  She makes a significant effort to find activities that he enjoys doing and activities they can enjoy together.  In the Spring of 2023, Plaintiff Shawn Gillis told his mother that he was interested in Plaintiff Lucia Gillis doing more physical activity.  Plaintiffs sat down together and made a list of all the activities that Plaintiff Shawn Gillis was interested in.  The activities Plaintiff Shawn Gillis included tennis and swimming.  On April 18, 2023, Plaintiff Lucia toured the In-Shape Health Club located at 3001 Dover Ave, Fairfield, California, to see if it would be a good fit for her and Shawn to join. She liked the club. It had both a swimming pool and tennis courts for Shawn, and it is conveniently located only two miles from their home.

2. On April 19, 2023, Plaintiff Lucia went back to In-Shape Health Club to discuss signing up as a member of the club. She spoke to one of Defendant's employees about her options for membership at the Club.  One of the membership options that they discussed was that Plaintiff Lucia could sign up for membership for herself which would allow her to bring a guest each time she used the In-Shape Health Club.  Plaintiff Lucia understood this to mean that she could bring Plaintiff Shawn as her guest whenever she went to the Health Club, and since Plaintiff Shawn is disabled and needs an attendant to use and enjoy the Health Club safely, Plaintiff Lucia assumed that he could use the guest pass along with his IHSS worker who would assist and supervise him while he used the Health Club's facilities. Yet, on April 21, 2023, when Plaintiff Lucia brought Plaintiff Shawn to use the Health Club facilities with his IHSS worker, and Defendant's informed Plaintiff that she was only allowed one guest per visit.  Plaintiff informed Defendant's employee that the IHSS worker is not a guest and would not be using the facilities but was there to assist Plaintiff Shawn, who was her guest, in safely using the facilities.  Defendant refused to allow Plaintiff Lucia to use her guest pass for Plaintiff Shawn and his IHSS worker.  Defendant's employee insisted that the IHSS worker counted as a second guest.  Plaintiff tried to explain that the ADA requires that Defendant allow Plaintiff Shawn to have an aide at the Health Club, but Defendant would not let them use the club under Plaintiff Lucia's membership.

3. Defendant denied disabled Plaintiff Shawn accessible public facilities due to their policy of refusing to accommodate disabled individual at the In-Shape Health Club located at

2

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3001 Dover Ave, Fairfield, California.  Plaintiff Shawn Gillis is a person with a disability as defined by the Americans with Disabilities Act and related California statutes who requires the assistance of an aide to safely use Defendant's facilities.  Plaintiff Lucia, his mother and caregiver, is able bodied but was effectively denied full and equal use of her gym membership at In-Shape Health Club by her association with her disabled son.  On or about April 23, 2023, Plaintiffs were denied their rights to full and equal access at In-Shape Health Club.  They were denied their civil rights under both California law and federal law, and continue to have their rights denied, because these facilities were not, and are not now, properly accessible to disabled persons and those associated with them, including those who use need the assistance of an aid, because of Defendant's policies and refusal of its duty to reasonably accommodate disabled persons.

4. Plaintiffs seek injunctive relief to require Defendant to make changes to its policies so that these facilities are accessible to disabled persons and to ensure that any disabled person who attempts to patronize the subject premises will be provided reasonable accommodations upon request.  Plaintiffs also seeks recovery of damages for their discriminatory experience and denial of access and of civil rights, which denial is continuing because Defendant failed to provide disabled accessible policies.  Plaintiffs also seek recovery of reasonable statutory attorney fees, litigation expenses and costs, under federal and state law.

5. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 U.S.C. section 1331 for violations of the Americans with Disabilities Act of 1990.  28 U.S.C. § 1331; 42 U.S.C. §§ 12101 *et seq*.  Pursuant to supplemental jurisdiction, Plaintiffs bring attendant and related causes of action arising from the same facts under California law.  California Civil Code §§ 51, 52, 54, 54.1, and 54.3.  Plaintiff chose to opt out of the arbitration clause in her Gym Membership agreement by emailing Defendant as required by the agreement on May 4, 2023.

6. **VENUE:** Venue is proper in this court pursuant, founded on the fact that the real property which is the subject of this action is in this district and that Plaintiffs' causes of action arose in this district. 28 U.S.C. § 1391(b).

7. **INTRADISTRICT:** This case should be assigned to the Sacramento intradistrict

as the real property which is the subject of this action is in this intradistrict and Plaintiffs' causes of action arose in this intradistrict.

8. **PARTIES:** Plaintiff Shawn Gillis is a "qualified" physically disabled person due to autism and schizophrenia. He requires a live-in aide, and he also needs an aide/caregiver to supervise him in public places such as In-Shape Health Club.

9. Plaintiff Lucia Gillis is Plaintiff Shawn Gillis' mother and caregiver. Plaintiff Lucia Gillis is a member at In-Shape Gym, and she was denied equal access to bringing her chosen guest, Plaintiff Shawn Gillis, because Defendant refused to allow him to be accompanied by his IHSS worker. Plaintiff Lucia has standing for injunctive relief and damages under state law and under the Americans with Disabilities Act of 1990. Per 42 U.S.C. section 12182(b)(1)(E), "It shall be discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association." *Nevarez v. Forty Niners Football Co., No*. 16-CV-07013-LHK, 2017 WL 3288634, at *5 (N.D. Cal. Aug. 1, 2017). Plaintiff Lucia suffered an injury that is "specific, direct and separate from" that of her son. *Id.* at *5. At all relevant times mentioned here, Plaintiff Lucia was with Plaintiff Shawn Gillis and suffered damages due to her associative standing as her companion during the April 23, 2023, incident described herein. Both have been and will be deterred by these discriminatory acts and policies of Defendant described herein until these policies are changed and Defendant is required by injunction and court order to provide and enforce nondiscriminatory policies.

10. Defendant IN-SHAPE FAMILY FITNESS, LLC and is at all times relevant to this complaint, the owners, operators, lessors, and/or lessees of the business, property, buildings, and/or portions of them located at 3001 Dover Ave, Fairfield, California, and known as the In-Shape Health Club. The Health Club is a "public accommodation and business establishment" subject to the requirements of the Americans with Disabilities Act of 1990 and the California Civil Code. 42 U.S.C. § 301(7); Cal Civ. C. §§ 51 *et seq.*, and §§ 54 *et seq*.

11. This action is based on discriminatory policies of Defendants and is not based on

4

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

any construction or architectural barrier:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

12.     **FACTUAL STATEMENT**: In the Spring of 2023, Plaintiff Shawn Gillis told his mother that he was interested in Plaintiff Lucia Gillis doing more physical activity. Plaintiffs sat down together and made a list of all the activities that Plaintiff Shawn Gillis was interested in. The activities Plaintiff Shawn Gillis included tennis and swimming. On April 18, 2023, Plaintiff Lucia toured the In-Shape Health Club located at 3001 Dover Ave, Fairfield, California, to see if it would be a good fit for her and Shawn to join. She liked the club. It had both a swimming pool and tennis courts for Shawn, and it is conveniently located only two miles from their home.

13.     On April 19, 2023, Plaintiff Lucia went back to In-Shape Health Club to discuss signing up as a member of the club. She spoke to one of Defendant's employees about her options for membership at the Club. One of the membership options that they discussed was that Plaintiff Lucia could sign up for membership for herself which would allow her to bring a guest each time she used the In-Shape Health Club. Plaintiff Lucia understood this to mean that she could bring Plaintiff Shawn as her guest whenever she went to the Health Club, and since Plaintiff Shawn is disabled and needs an attendant to use and enjoy the Health Club safely, Plaintiff Lucia assumed that he could use the guest pass along with his IHSS worker who would assist and supervise him while he used the Health Club's facilities. On April 19, 2023, Plaintiff Lucia signed up for an In-Shape Health Club membership at the level that allowed her to bring one guest with her per visit.

14.     On April 19th and April 20th, Plaintiff Lucia brought Plaintiff Shawn to In-Shape Health Club as her guest without issue. On these two occasions, Plaintiff Lucia stayed with Plaintiff Shawn the entire time to assist and supervise him so that he could safely use the health club. She was acting as his caregiver on these visits.

5
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15. On April 21, 2023, Plaintiff Lucia again brought Plaintiff Shawn as her guest to the In-Shape Health Club. She wanted to do her own workout at the health club, so she enlisted one of Plaintiff Shawn's IHSS workers to come with them to supervise and assist Plaintiff Shawn as necessary. When the group arrived at the In-Shape Health Club they went to the front desk to check-in, but Defendant's employee at the front desk informed Plaintiff Lucia that she could only have one guest with her membership. Plaintiff Lucia explained to Defendant's employee that Plaintiff Shawn was her only guest. She explained that Plaintiff Shawn's IHSS worker was not her guest, and he was only there as her guest's aide/caregiver. Plaintiff Lucia continued that Plaintiff Shawn's IHSS worker would not be using any of the equipment or facilities at the health club but would be assisting Plaintiff Shawn because he cannot use the facilities safely without close supervision. Defendant's employee at the front desk continued to deny Plaintiffs access to the club with Plaintiff Shawn's aide. Plaintiffs left.

16. On April 22, 2023, Plaintiff Lucia called In-Shape Health Club several times to speak to the general manager regarding Defendant's discriminatory policy of not allowing disabled members and guests to use the facilities while accompanied by an aide/caregiver when such assistance is necessary for the disabled individual to use and enjoy the health club's facilities. Each time she called, Plaintiff Lucia was told that the general manager, Jyred Read, was unavailable. However, one of Defendant's employees did inform Plaintiff Lucia that it was Defendant's policy that no one was allowed to have an aide/caregiver with them unless the aide/caregiver is a member's once per visit guest.

17. On or about April 23, 2023, Plaintiff Lucia went to In-Shape Health Club to speak to the general manager, Jyred Read, in person about the club's discriminatory policy surrounding aides/caregivers. Mr. Read confirmed that Defendant does not allow aides/caregivers to accompany disabled members or their guests in the health club (unless the aide/caregiver is the one guest allowed to members). Plaintiff Lucia explained that Defendant's policy is discriminatory to disabled individuals who cannot use the facilities of the health club without the help of an aide/caregiver, such as Plaintiff Shawn Gillis. Mr. Read, however, said that he could

6

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

not change the policy to allow her guest, Plaintiff Shawn, to use the health club's facilities with his caregiver unless he bought his own membership and used his guest pass for his caregiver.

18. Following this conversation, Defendant unilaterally cancelled Plaintiff Lucia's membership to In-Shape Health Club. Despite the cancellation notice, they continue to charger her the monthly fee. Plaintiff Lucia wants to continue her membership. Both Plaintiff Lucia and Plaintiff Shawn like the activities offered at In-Shape Health Club. They want to return to club once Defendant's change their discriminatory policies.

**FIRST CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
***42 U.S.C. §§ 12101 et seq***

19. Plaintiffs re-plead and incorporate by reference, as if fully set forth again here, the allegations contained in Paragraphs 1 through 18 of this Complaint and incorporates them herein as if separately re-pleaded.

20. In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." 42 U.S.C. §12101.

21. Plaintiff Shawn Gillis is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990. Plaintiff Lucia Gillis is his mother, and she has standing for injunctive relief and damages under state law and under the Americans with Disabilities Act of 1990 through her association with Plaintiff Shawn Gillis and due to damages she personally incurred as a result of the incident on April 23, 2023, and continuing. Under 28 CFR § 36.2015, "A public accommodation shall not exclude or otherwise

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

C:\SVR\Cases\IN SHAPE GYM (Gillis)\Pleadings\Complaint In-Shape Health Club FINAL.docx

deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association."

22. In passing the Americans with Disabilities Act of 1990 ("ADA"), Congress stated as its purpose:

> It is the purpose of this Act
>
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b).

23. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 U.S.C. § 12181 *et seq.*). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes but is not limited to any "a gymnasium, health spa, bowling alley, golf course, or other place of exercise or recreation." 42 U.S.C. § 12181(7)(L).

24. The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182. The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation

that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendants set forth here were in violation of Plaintiff's rights under the ADA and the regulations promulgated under it, 28 C.F.R. Part 36 *et seq*.

25. Furthermore, according to the Americans with Disabilities Act Technical Assistance Manual, § III-4.1400 : "Although compliance [with the ADA] may result in some additional cost, a public accommodation may not place a surcharge only on particular individuals with disabilities or groups of individuals with disabilities to cover these expenses."[1]

26. The removal of each of the policy barriers complained of by Plaintiffs as alleged above, were at all times mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA. As noted above, removal of each of the policy barriers complained of here were already required under California law. If removal of any barrier is found to be "not readily achievable," Defendant still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative

---

[1] "The technical assistance manual is an interpretation of the DOJ's regulation . . . and, as such, is entitled to significant weight as to the meaning of the regulation." *Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 875-76 (9th Cir. 2004)(citations omitted).

methods that were "readily achievable."

27. On information and belief, as of the date of Plaintiffs' encounters at the premises and as of the filing of this Complaint, Defendant's actions and policies denied and continue to deny full and equal access to Plaintiffs and to other disabled persons and those associated with them, which violates Plaintiffs' right to full and equal access and which discriminates against Plaintiff Shawn Gillis on the basis of his disabilities and against Plaintiff Lucia Gillis based on her association with her disabled son, thus wrongfully denying to Plaintiffs the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

28. Plaintiffs wish to return to patronize the In-Shape Health Club once all policy barriers are removed. Under the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.*, Plaintiffs are entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as Plaintiff Shawn Gillis is being subjected to discrimination on the basis of his disabilities and Plaintiff Lucia Gillis is being subjected to discrimination based on her association with disabled Plaintiff Shawn Gillis in violation of sections 12182 and 12183 of this title. On information and belief, Defendant has continued to violate the law and deny the rights of Plaintiffs and other disabled persons and those associated with them to "full and equal" access to this public accommodation since on or before Plaintiffs' encounters. Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an <u>order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities</u> to the extent required by this title. Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title. [Emphasis added.]

29. Plaintiffs seek relief under remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and under Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff Shawn Gillis is a qualified disabled person for purposes of § 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will face such

10

discrimination each time that he may use the property and premises, or attempt to patronize the Health Club, given Defendant's policy barriers. Plaintiff Lucia Gillis seeks similar relief as she continues to be discriminated against based on her association with disabled Plaintiff Shawn Gillis, her son.

WHEREFORE, Plaintiffs requests relief as outlined below.

## SECOND CAUSE OF ACTION:
## VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED
## BY CIVIL CODE SECTION 51(f)

30. Plaintiffs re-plead and incorporate by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 29 of this Complaint and incorporates them herein as if separately re-pleaded.

31. At all times relevant to this complaint, California Civil Code section 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, <u>disability, or medical condition</u> are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Civil Code § 51(b). [Emphasis added.]

32. California Civil Code section 52 provides that the discrimination by Defendant against Plaintiffs on the basis of disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

33. Each of Defendant's discriminatory acts or omissions violates California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

34. Any violation of the Americans with Disabilities Act of 1990 also constitutes a

11

violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief under California law, including Civil Code section 52.  Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

35. The actions and omissions of Defendants as alleged here constitute a denial of access to and use of the described public facilities by physically disabled persons under California Civil Code sections 51 and 52.  As a proximate result of Defendants' action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and are responsible for statutory, compensatory and treble damages to Plaintiff, according to proof.

36. Defendant, in engaging in the conduct set forth above, refused to do business with Plaintiffs and refused Plaintiffs service.  Plaintiffs allege on information and belief that such refusal and denial of service was due to Plaintiff Shawn Gillis' disability and Plaintiff Lucia Gillis' association with him in violation of Civil Code section 51.5.

37. **FEES AND COSTS:**  As a result of Defendant's acts, omissions and conduct, Plaintiffs have been required to incur attorney fees, litigation expenses and costs as provided by statute to enforce Plaintiffs' rights and to enforce provisions of law protecting access for disabled persons and prohibiting discrimination against disabled persons and those associated with them.  Plaintiffs therefore seek recovery of all reasonable attorney fees, litigation expenses and costs under California Civil Code sections 51 and 52.  Additionally, Plaintiffs' lawsuit is intended to require that Defendants make their facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs under California Code of Civil Procedure section 1021.5 and other applicable law.  If litigation should disclose that the policy complained of here is also in effect at other In-Shape Health Clubs, Plaintiffs pray for an injunction at all such In-Shape Health Clubs.

WHEREFORE, Plaintiffs request relief as outlined below.

//

//

//

12

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**THIRD CAUSE OF ACTION:
DAMAGES AND INJUNCTIVE RELIEF
FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIESIN A PUBLIC ACCOMMODATION
(Civil Code §§ 54 *et seq.*)**

38.  Plaintiffs replead and incorporate by reference, as if fully set forth again here, the factual allegations contained in Paragraphs 1 through 37, above, and incorporates them here by reference as if separately repled hereafter.

39.  Plaintiffs and other similarly situated physically disabled persons and those associated with them cannot use public facilities on a "full and equal" basis unless each such facility's policies comply with the provisions of California Civil Codes section 51, 52, 54, 54.1, and 54.3.  Plaintiffs are each a member of that portion of the public whose rights are protected against discrimination by California Civil Code §§ 54 and 54.1, the "Disabled Persons Act." "Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places."  Civil Code § 54(a).  Furthermore, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, . . . places of public accommodation, amusement, or resort, and other places to which the general public is invited."  Civil Code § 54.1(a).  Any violation of the ADA, including, but not limited to, any violation of sections 12182 and 12183, is also incorporated as a violation of the Disabled Persons Act, by Civil Code sections 54(c), 54.1(d), and the Unruh Civil Rights Act, Civil Code section 51(f), as specified in the First and Second Causes of Action above.

> 42 USC section 12182(a) sets forth Title III's general rule prohibiting public accommodations from discriminating against individuals because of their disability.  The question whether petition has violated that rule depends on a proper construction of the term "discrimination," which is defined by Title III to include:
>
> > a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, *unless the entity can demonstrate that making such modifications would fundamentally alter the nature* of such goods, services, facilities, privileges, advantages, or accommodations.
> > § 12182(b)(2)(A)(ii)(emphasis added).

*PGA Tour, Inc. v. Martins*, 532 U.S. 661, 681-682 (2001).

40. All policy barriers to access render the premises inaccessible to physically disabled persons who are mobility impaired, such as Plaintiff Shawn Gillis, and persons associated with them, such as Plaintiff Lucia Gillis, and are barriers Plaintiffs may encounter when they return to the premises unless these policy barriers are changes.

41. Further, every violation of the Americans With Disabilities Act of 1990 (as pled in the First Cause of Action, *infra*, the contents of which are re-pleaded and incorporated here, word for word, as if separately re-pleaded herein), also constitutes a distinct violation of California Civil Code § 54(c) and 54.1(d), thus independently justifying an award of damages and injunctive relief under California law, including, but not limited to, Civil Code §§ 54.3 and 55.

42. **INJUNCTIVE RELIEF:** Plaintiffs seek injunctive relief to prohibit the acts and omissions of Defendants as complained of here, including policy discrimination, which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiffs and other members of the public who are disabled and those persons associated with disabled persons, from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiffs in that these actions continue to treat Plaintiffs as inferior and second-class citizens. They continue to discriminate against disabled persons and those associated with them on the sole basis that they are persons with physical disabilities or their associates who require reasonable modifications of policies and practices, and may need reasonable assistance to use the services of the facilities.

43. Plaintiffs are deterred from returning to use these facilities, because the lack of policy access will foreseeably cause them further difficulty, discomfort and embarrassment. Plaintiffs are unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of these public facilities. Therefore, Plaintiffs cannot return to patronize In-Shape Health Club and its facilities and are deterred from further patronage until these policy barriers are removed and the policies are made properly accessible for disabled persons and those associated with them. Plaintiffs enjoyed going to the In-Shape Health Club they loved the amenities offered there, it was close to their home, and they both enjoy physical activity.

Plaintiffs want to return to purchase another membership at In-Shape Health Club once Defendant's discriminatory policies have been changed and legally required access has been provided.

44. The acts of Defendant have proximately caused and will continue to cause irreparable injury to Plaintiffs if not enjoined by this Court. Plaintiffs seek injunctive relief as to all inaccessible policies of the premises. Plaintiffs seek preliminary and permanent injunctive relief from Defendants who currently own and operate In-Shape Health Clubs to enjoin and eliminate the discriminatory practices and barriers that deny full and equal access for disabled persons and those associated with them, and for reasonable statutory attorney fees, litigation expenses and costs.

45. Wherefore Plaintiffs ask this Court to preliminarily and permanently enjoin any continuing refusal by Defendant to grant full and equal access to Plaintiffs in the ways complained of and to require Defendant to comply immediately with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Civil Code section 55, and other law. Plaintiffs also request that the Court award damages under Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs under Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as prayed below.

46. **DAMAGES:** As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendant in owning, operating, leasing, constructing, altering, and maintaining the subject facility, Plaintiffs have suffered a violation of their civil rights, including, but not limited to, rights under Civil Code sections 54 and 54.1, and suffered difficulty, discomfort and embarrassment, and physical, mental and emotional injuries, all to Plaintiffs' damages per Civil Code section 54.3, including general and statutory damages, and treble damages, as stated below. Defendant's actions and omissions to act constitute discrimination against Plaintiffs because Plaintiff Shawn Gillis was and is disabled and based on Plaintiff Lucia Gills' association with him and the fact that they are each unable, because of the policy barriers created and/or maintained by the Defendants in violation of these subject laws, to

use the public facilities on a full and equal basis as other persons. The policy violations have deterred Plaintiffs from returning to attempt to patronize the In-Shape Health Club and will continue to cause them damages so long as these policies barriers continue.

47. **FEES AND COSTS:** As a result of Defendant's acts, omissions, and conduct, Plaintiffs have been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiffs' rights and to enforce provisions of the law protecting access for disabled persons and those associated with them and prohibiting discrimination against disabled persons and those associated with them. Plaintiffs therefore seek recovery of all reasonable attorney fees, litigation expenses, and costs, under Civil Code sections 52, 54.3 and 55. Additionally, Plaintiffs' lawsuit is intended to require that Defendant make its facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs under California Code of Civil Procedure § 1021.5 and other applicable law.

WHEREFORE, Plaintiffs request relief as outlined below.

## **PRAYER**

Plaintiffs have no adequate remedy at law to redress the wrongs suffered as stated in this Complaint. Plaintiffs have suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendant as alleged herein, unless Plaintiffs are granted the relief they request. Plaintiffs and Defendant have an actual controversy and opposing legal positions as to Defendant's violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiffs SHAWN GILLIS and LUCIA GILLIS pray for judgment and the following specific relief against Defendant:

1. Issue a preliminary and permanent injunction directing Defendant as current owner, operator, lessor, and/or lessee of the subject property and premises to modify the above described policies to provide full and equal access to all persons, including persons with physical disabilities; and issue a preliminary and permanent injunction under ADA section 12188(a) and

state law directing Defendant to provide facilities usable by Plaintiffs and similarly situated persons with disabilities and those associated with them, and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided; to cease its discriminatory policies, including denying access to facilities to disabled individuals and those associated with them; and to train Defendant's owners, managers, employees and agents in how to properly treat disabled persons and accommodate their rights and needs;

2. Retain jurisdiction over the Defendant until the Court is satisfied that Defendant's unlawful policies, practices, acts and omissions as complained of here no longer occur, and cannot recur;

3. Award to Plaintiffs all appropriate damages, including, but not limited to, statutory damages, general damages, and treble damages in amounts within the jurisdiction of the Court, all according to proof;

4. Award to Plaintiffs all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5. Award prejudgment interest under Civil Code § 3291; and

6. Grant any other relief that this Court may deem just and proper.

Date: July 21, 2023            REIN & CLEFTON
                               ALLACCESS LAW GROUP

                                 /s/ Aaron Clefton
                               By AARON CLEFTON, Esq.
                               Attorneys for Plaintiffs
                               SHAWN GILLIS and LUCIA GILLIS

## JURY DEMAND

Plaintiffs demand a trial by jury for all claims for which a jury is permitted.

Date: July 21, 2023            REIN & CLEFTON
                               ALLACCESS LAW GROUP

                                 /s/ Aaron Clefton
                               By AARON CLEFTON, Esq.
                               Attorneys for Plaintiffs
                               SHAWN GILLIS and LUCIA GILLIS